```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION | CIVIL ACTION |
| VERSUS | NO: 08-4752 |
| SMUCK ET AL | SECTION: J(3) |

## ORDER & REASONS

Before the Court is Defendant FranJan Partners, LP's ("FranJan") **Motion to Dismiss Complaint to Annul Transactions and for Damages, and Alternatively, for More Definite Statement** (Rec. Doc. 16), seeking dismissal with prejudice of PNC Bank, National Association's ("PNC") Complaint under Rules 12(b)(6) and 9(b) of the Federal Rules or, in the alternative, an order that PNC amend its complaint under Rule 12(e) to provide a more definite statement of its claims.  Upon review of the motion, the memoranda of counsel, and the applicable law, the Court finds that FranJan's motion should be denied for the following reasons.

As set forth by the Supreme Court in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs

have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988). Although a dismissal pursuant to Rule 12(b)(6) is generally viewed with "disfavor," Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir. 2005), a district court's decision to dismiss under Rule 12(b)(6) is proper if the plaintiff has failed to allege "enough facts to state a claim to relief that is plausible on its face" or failed to "raise a right to relief above the speculative level," Twombly, 127 S.Ct. at 1965.

The Court finds that PNC's Complaint has stated facts sufficient to support a conclusion that its claims in the complaint are plausible, and that it may be entitled to relief. As such, FranJan's motion under Rule 12(b)(6) should be denied.

Federal Rule of Civil Procedure 12(e) permits a party to move for a more definite statement when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). A party, however, may not use a

Rule 12(e) motion as a substitute for discovery.  See Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959).  As a result of the liberal pleading standard set forth in Rule 8, Rule 12(e) motions are disfavored.  Id. at 132. Rule 12(e) is ordinarily restricted to situations where a pleading suffers from "unintelligibility rather than want of detail." 2A MOORE'S FED'L PRAC. ¶ 12.18[1], at 2389 (2d ed. 1985).

The Court finds that PNC's complaint, while it may not provide the details and intricacies of PNC's claims against FranJan and the other defendants, is sufficiently clear in its allegations to inform FranJan and the other defendants of the basis of the claims asserted.  To the extent that FranJan and the other defendants may require more detailed information regarding the bases of PNC's claims in order to defend the instant lawsuit, such details can be uncovered through discovery in this matter.  Therefore, because Rule 12(e) motions are disfavored, and because PNC's complaint is sufficiently intelligible, if not detailed, in its allegations, FranJan's motion under Rule 12(e) should be denied.  Accordingly,

**IT IS ORDERED** that FranJan's **Motion to Dismiss Complaint to Annul Transactions and for Damages, and Alternatively, for More Definite Statement** (Rec. Doc. 16) under Rules 12(b)(6), 9(b)  and

12(e) of the Federal Rules of Civil Procedure is hereby **DENIED**.

**IT IS FURTHER ORDERED** that within twenty days of entry of this Order, the parties in this matter brief the Court on the issue of whether this case should be referred to the Bankruptcy Court for the Eastern District of Louisiana for disposition in the pending bankruptcy proceedings of M.B.S. Management Services, Inc., <u>In Re MBS Management Services, Inc.</u>, Case No. 07-12151.

New Orleans, Louisiana this 20th day of February, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE