UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION | CIVIL ACTION |
| VERSUS | NO: 08-4752 |
| MICHAEL B. SMUCK ET AL | SECTION: "J" (4) |

**ORDER**

Before the Court is Defendants Edwin A. White, Ed White and Associates, Inc., and Ed White and Associates, L.L.C.'s (collectively referred to as the "White Defendants") **Motion to Review Magistrate Judge's Order (Rec. Doc. 76)**. This motion, which is opposed, is set for hearing on April 28, 2010.

This case involves a suit filed by PNC Bank ("PNC") to annul certain transactions between PNC and multiple defendants. The current motion focuses solely on discovery issues. On August 13, 2009, PNC served written discovery requests upon the White Defendants. According to Fed. R. Civ. P. 33(a)(2), the White Defendants had 30 days to respond after being served with the interrogatories. However, the White Defendants failed to file any responses to the discovery requests within the 30 day period. Therefore, on November 4, 2009, PNC filed a motion to compel. This motion was set for hearing on November 25, 2009 with opposition due on November 17, 2009.

On November 10, 2009, shortly after PNC filed the motion to

compel, the White Defendants' counsel, Rob Couhig, filed a motion to withdraw. This Court reserved ruling on the motion because granting the motion would have left the White Defendants without counsel. Nevertheless, although still enrolled as counsel of record, Couhig did not file any opposition to the motion to compel. On January 12, 2010, the magistrate court granted the motion to compel as unopposed. Ironically, on that same date, the White Defendants' new counsel enrolled as attorney of record.

The White Defendants' new counsel have filed the current motion to challenge the magistrate court's order granting the motion to compel. The Magistrate Court correctly held that pursuant to Rule 33(a)(4), the White Defendants' objections were waived as a matter of law because no timely responses were filed within the 30 day period. However, due to the circumstances surrounding the White Defendants' representation in November, there was no opposition filed to the motion to compel and therefore, the magistrate court did not have the benefit of considering whether the White Defendants fell under the "good cause exception" to Rule 33(a)(4). The good cause exception comes into play when "the court, for good cause, excuses the failure" to file the objections. Fed. R. Civ. P. 33(a)(4). If the White Defendants' had been properly represented, it is possible that an opposition would have been filed that would have laid out "good cause" and the magistrate court would have excused

the failure to timely file the responses and objections to the discovery.

Therefore, **IT IS ORDERED** that this matter be **REMANDED** to the magistrate court **for the limited purposes of considering whether good cause existed** for the White Defendants' failure to file timely responses to PNC's initial written discovery requests.

New Orleans, Louisiana, this 28th day of April, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE